UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TIMOTHES STANFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-258 TLS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Timothes Stanford, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. According to the petition, on February 20, 2007, a prison disciplinary hearing board ("DHB") found the petitioner guilty of possession or use of an unauthorized controlled substance and imposed a loss of ninety days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those claims which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S.

539 (1974), and 'some evidence' to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Grounds one, two, four, and five allege violations of Indiana Department of Correction ("IDOC") policy and do not allege violation of federal law. The first ground of his petition asserts that the DHB violated an IDOC executive directive by not having the physical evidence present at the hearing. The second ground asserts that officials violated IDOC policy by not writing the conduct report within twenty-four hours. The fourth ground alleges that the officials violated IDOC policy by not giving him a copy of the chain of custody form. The fifth ground asserts that prison officials violated IDOC policy by dating the conduct report on the date the test was taken, not the date the lab reported a positive test result.

IDOC policy may require that physical evidence be present at the hearing, that the petitioner have his own copy of the chain of custody documents and that conduct reports be dated in a certain manner and written within twenty-four hours. But the United States Constitution does not require these things. The alleged violations of IDOC rules do not state claims on which relief can be granted because relief in this action is only available for violations of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F. Supp. 765 (N.D. Ind. 1997). Violations of the prison disciplinary policies do not state a claim for federal habeas relief, *Hester v. McBride*, 966 F.Supp. at 774–75.

Moreover, the petitioner admits that he did not present grounds two and four in his administrative appeal. Accordingly, it does not appear that he exhausted his administrative remedies on these issues. The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the

issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

In the sixth ground, the petitioner asserts that he suffered a violation of a protected liberty interest when he was deprived of ninety (90) days earned credit time. This is a general statement of his claims; it is not a separate claim to which the respondent needs to respond.

Ground three asserts that prison officials violated IDOC policy when they "denied his right to a fair and impartial hearing body." Although he couches this claim as a violation of IDOC policy, an opportunity to be heard before an impartial decision maker is also one of the rights protected by *Wolff v. McDonnell.* Accordingly, the court will allow the petitioner to proceed on this claim.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed on ground three of his petition for writ of habeas corpus: that he was denied the right to have the charges against him heard before impartial decision makers;

(2) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, DISMISSES the claims presented in grounds one, two, four, five, and six of the petition; and

(3) DIRECTS the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on July 17, 2006.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION