# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

TIMOTHES STANFORD,         )
                          )
          Petitioner,     )
                          )
    v.                  )          CAUSE NO.: 3:07-CV-258-TS
                          )
WILLIAM WILSON,         )
                          )
         Respondent.    )

## OPINION AND ORDER

Petitioner Timothes Stanford, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. On January 31, 2007, a disciplinary hearing board ("DHB") found the Petitioner guilty of  possession or use of an unauthorized controlled substance and imposed a loss of ninety days of earned credit time. The Court dismissed two of the Petitioner's claims pursuant to Rule 4 of the Rules Governing Section 2254 Cases and ordered the Respondent to respond to ground three of his petition, arguing that he was denied the right to have the charges against him heard by impartial decisionmakers. The Respondent has moved to dismiss the remaining claim [DE 7] because the Petitioner did not exhaust his administrative remedies as to this issue. The Petitioner did not file a traverse.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*,

418 U.S. 539 (1974); and (5) "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Institut. v. Hill*, 472 U.S. 445, 455 (1985).

In ground three of his petition, the Petitioner asserts that prison officials violated Indiana Department of Correction ("IDOC") policy when they "denied his right to a fair and impartial hearing body." Although he couched this claim as a violation of IDOC policy, an opportunity to be heard before an impartial decisionmaker is also one of the rights protected by *Wolff v. McDonnell*. Accordingly, the Court allowed the Petitioner to proceed on that claim.

The Respondent argues that the Petitioner did not present his claim that the DHB that heard the charges against him was biased or partial. Review of the Petitioner's administrative appeal establishes that the Petitioner did not present these claims to prison officials in his final appeal. (DE 8-10.) The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). Because the Petitioner did not present his claim that he was denied the right to have the charges against him heard by impartial decisionmakers in his administrative appeal, he has procedurally defaulted that claim and the Court must deny this petition.

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on February 4, 2008.


 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION